# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | |
|---|---|
| JIMMIE L. REYNOLDS | CIVIL ACTION NO. 3:10-cv-1426 |
|     LA. DOC # 350787 | |
| VS. | SECTION P |
| | JUDGE ROBERT G. JAMES |
| WARDEN BROWN, ET AL. | MAG. JUDGE KAREN L. HAYES |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Jimmie L. Reynolds filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on September 14, 2010. When he filed this complaint, plaintiff was an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC) and he was incarcerated at the West Carroll Detention Center (WCDC), Epps, Louisiana; however, in a letter received on October 27, 2010, he advised the Court of his release from custody and his present residence in New Orleans. Plaintiff complained that he was not provided free dentures during his stay at WCDC. He sued Warden Brown, Nurse Heather, Major Parker, and Captain Hayes praying initially for a "reasonable amount of money for mental stress pain and suffering [due] to [no] teeth..." and thereafter  for "... a cash settlement for pain and suffering, mental anguish, stress..." He also implied that his right to submit a prisoner grievance was violated.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief might be granted.

*Background*

When he filed this complaint, plaintiff was an LDOC inmate incarcerated at the WCDC.  On some unspecified date plaintiff approached Nurse Heather and inquired about the process for obtaining dentures. Nurse Heather advised that he would have to pay $1,500 for dentures.  Plaintiff then spoke to Warden Brown who advised that WCDC has a dentist on contract but only for extractions and not for dentures. Plaintiff asked Brown if he could obtain his dentures at a discount from "Affordable Dentures" in Monroe; however, Brown denied permission.

Plaintiff claimed that the food is hard and the inmates are given a short time to eat, therefore he experiences pain when he eats. In his original complaint he alleged that because he is forced to eat quickly, his gums become sore and irritated.

On April 1, 2010, plaintiff submitted an administrative grievance to Linda Ramsey at LDOC Headquarters in Baton Rouge. According to plaintiff, this grievance was intercepted by prison staff and presumably was not delivered to Ms. Ramsey. He filed his complaint in September 2010 and he was released from custody some time between October 7, 2010 (the date he filed his amended complaint and application to proceed *in forma pauperis*) and October 27, 2010 (the date he notified the court of his release.)

*Law and Analysis*

*1. Screening*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983 the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali*

2

*v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if  it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits  alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous.  *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusive  allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

## 2. Medical/Dental Care

Plaintiff claims that he was denied free dentures during his confinement at WCDC over an

3

unspecified period of time.  Medical or dental care claims asserted by convicted prisoners, like plaintiff, are analyzed under the Eighth Amendment's prohibition of cruel and unusual punishment. In order to prevail on such claims, convicts must establish that the refusal or delay in providing care was "sufficiently harmful to evidence deliberate indifference to serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Deliberate indifference in this context means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that they subjectively intended that harm occur. *Thompson v. Upshur County, Texas*, 245 F.3d at 458-59. "[T]he failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) (emphasis supplied). Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459 (emphasis supplied). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997); *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999). The fact that a plaintiff disagrees with what medical care is appropriate does not state a claim of deliberate indifference to serious medical needs. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997).

Plaintiff herein was not denied appropriate dental care; instead, he was denied free dental care, more specifically, free dentures.  However, there is no Constitutional right to free care.  *See Hutchinson v. Belt*, 957 F. Supp. 97, 100 (W.D.La. 1996) and cases cited therein.

Further, defendants' failure to provide plaintiff with free dentures does not implicate a

4

substantial risk of serious harm as is required for a finding of deliberate indifference.  By his own admission, plaintiff suffered only "sore and irritated" gums during his mealtimes.

That being the case, plaintiff simply has not alleged facts sufficient to establish deliberate indifference in this context.   Plaintiff has not shown that the complained of condition or circumstance resulted in a substantial risk of serious harm.  He clearly did not show that the defendants were subjectively aware of the existence of a substantial risk of harm. Further, even if he had made such a showing, he has failed to show that the defendants actually drew such an inference and that their response to plaintiff's complaints indicated that they subjectively intended that some serious harm befall plaintiff.  Whether or not the defendants  "should have perceived" a risk of harm to plaintiff, but did not, is of no moment since, as noted above,   "...the failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." *Domino*, 239 F.3d at 756 (5th Cir.2001).

In short, the facts alleged herein, taken as true for the purposes of this Report, do not establish that the defendants (or anyone else) were deliberately indifferent to a serious medical or dental need. Plaintiff's claims are therefore frivolous and dismissal on that basis is recommended.

### 3. Access to Courts and Denial of Grievance Procedure

Plaintiff also maintains that the defendants interfered with his right to submit a prisoner grievance. In so doing, plaintiff raises another frivolous claim. The narrowing of prisoner due process protections announced in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), left prisoners without a federally-protected right to have grievances investigated and resolved. Any right of that nature is grounded in state law or regulation and the mere failure of an official to follow state law or regulation, without more, does not violate constitutional *minima*. *See*

*Taylor v. Cockrell*, 2004 WL 287339 at *1 (5th Cir. Feb.12, 2004) (not designated for publication) (holding that "claims that the defendants violated ... constitutional rights by failing to investigate ... grievances fall short of establishing a federal constitutional claim"); *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 138, 97 S.Ct. 2532, 53 L.Ed.2d 629 (Burger, C.J., concurring) (applauding the institution of grievance procedures by prisons but not suggesting that such procedures are constitutionally required); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996) ("[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994) ("[T]he constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993) (quotation omitted) (holding that a prison grievance procedure is not a substantive right and "does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"); and *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988) ("There is no legitimate claim of entitlement to a grievance procedure.").

Since plaintiff has no constitutionally protected right to a prison grievance procedure, his current claim does not allege a violation of the Constitution or laws of the United States and is therefore frivolous.

### Conclusion and Recommendation

Accordingly,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted  pursuant to 28 U.S.C. §§1915 and 1915A.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

In Chambers, Monroe, Louisiana, November 23, 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

7